Ronnie L. JONES, Plaintiff–Appellee,

v.

CITY OF DAYTON, OHIO,
et al., Defendants,

Thomas W. Peterson, Scott Kingery,
Darrel Herron, Jimmy Howard,
Defendants–Appellants.

No. 01–4165.

United States Court of Appeals,
Sixth Circuit.

March 20, 2003.

Before NELSON, COLE, and
GILMAN, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is an interlocutory appeal from an order denying the defendant police officers' motion for summary judgment on the basis of qualified immunity. Because the district court found there to be a genuine issue of material fact, and because the defendant officers chose not to make a timely concession that the plaintiff's version of the facts was correct, the appeal will be dismissed for want of jurisdiction.

I

Late one August evening in Dayton, Ohio, police officers searching for a suspect who had fled the scene of shooting detained a 12–year–old boy who fit the suspect's description. The boy's uncle, along with several other family members who were attending a barbecue in the vicinity, protested the detention. The nature of the protest, and the officers' reactions, are matters of factual dispute.

According to the officers, a group of family members that included Mr. Jones surrounded them, demanded the boy's release, and ignored instructions to step back and stop asking questions. Jones, they say, swore at the officers and tried repeatedly to approach his nephew, pushing an officer at one point in an effort to get past him.

Mr. Jones tells a different story. He says he was peaceably providing information about the boy, from a distance, when a police officer pushed him and tried to force him to the ground. At that juncture, says Mr. Jones, he told the officer that the use of force was not necessary, and he voluntarily put his hands behind his back to be handcuffed.

Mr. Jones was arrested, in any event, and was charged with obstruction of official business, disorderly conduct, and resisting arrest. He was eventually acquitted. Jones then brought the instant civil rights action against the officers, the police chief, and the city, alleging, among other things, violations of his Fourth and Fourteenth Amendment rights. The defendants moved for summary judgment, asserting as to Mr. Jones' constitutional claims that the officers had probable cause to arrest Jones, that they did not use excessive force, and that they were entitled to qualified immunity.

The district court granted the motion in part and denied it in part. Of relevance here, the court "found a genuine issue of material fact on the question of whether the Defendants-police officers had probable cause to arrest the Plaintiff, such that this Court cannot conclude, as a matter of law, whether their conduct ... violated clearly established law." The court thus rejected the officers' assertion of qualified immunity with respect to Mr. Jones' claim that there was no probable cause for his arrest. The officers have taken a timely appeal from the court's ruling.

## II

■ A denial of summary judgment may be appealed immediately if it is based on a legal determination that the defendants are not entitled to qualified immunity. See *Mitchell v. Forsyth,* 472 U.S. 511, 526–28, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and *Skousen v. Brighton High School,* 305 F.3d 520, 525 (6th Cir.2002). "If the denial of summary judgment turns on the existence of a genuine issue of material fact," however, "an interlocutory appeal is improper, and we are without jurisdiction to hear the appeal." *Skousen,* 305 F.3d at 525; *cf. Johnson v. Jones,* 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). The denial of summary judgment in the case at bar turned on the district court's finding that there was a genuine issue of material fact.

■ This court could exercise jurisdiction, of course, if the officers were willing to concede Mr. Jones' version of the facts. See *Berryman v. Rieger,* 150 F.3d 561, 562 (6th Cir.1998); see also *Skousen,* 305 F.3d at 525. But the officers—in their main brief, at least—have not conceded that the events in question unfolded as Mr. Jones has claimed. To the contrary, they insist that Jones "interfere[d]" with the detention of his nephew by "yelling" and "attempt[ing] to gain access" to the boy, Appellants' Br. at 5, even though Mr. Jones has testified that he merely spoke to the officers without obstructing them in any way. Further, the officers say that Mr. Jones ignored their commands and refused to step back, *id.* at 17, even though Jones has denied this. Indeed, the officers expressly decline to concede Mr. Jones' version of the facts, instead "request[ing] that this Court review the record and determine the appropriate facts." *Id.* at 4 n. 1.

In their reply brief, it is true, the officers argue that "even relying on Jones[']

statement of events, probable cause still exists to support his arrest." Reply Br. at 5. They drop all references to Mr. Jones' physical obstruction of the officers and argue that "verbal actions" alone can rise to the level of obstructing police business. *Id.* at 8–10. But this effort to preserve the officers' appeal comes too late. *Cf. United States v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002) (holding that "the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief" (internal quotation marks omitted)). And significant factual issues would remain whether or not the officers conceded that Mr. Jones did not physically obstruct them.

The appeal is DISMISSED for want of jurisdiction.